**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| In Re: Amrita Patel & Cory Davis           ) | Bankruptcy Case No. 19-22865 |
| _____ ) ) ) | |
| DUPAGE CREDIT UNION,                       ) | Chapter 7 |
|          Plaintiff,           ) | |
|   vs.                                             ) | Adversary No: 19-00981 |
|                                  ) | |
| CORY DAVIS,                                     ) | |
|          Defendant.       ) | Judge Baer |

**AMENDED NOTICE OF ANSWER**
**IN ADVERSARY PROCEEDING**

**The following party(s) have been served via CM/ECF:**
Christine M. Ryan, attorney Dupage Credit Union

**The following party(s) have been served via first-class U.S. mail:**
Cory Davis, 722 Four Seasons Blvd., Aurora, IL 60504

**CERTIFICATE OF SERVICE**

    The undersigned does hereby certify that copies of this Answer were served to the above persons or entities in the manner of service referenced above. Service was deposited in the U.S. Mail at Wheeling, Illinois 60090, on or before January 28, 2020, with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

                                                       Respectfully Submitted,

                                                      /s/ Alexander Preber
                                                  Alexander Preber, A.R.D.C. #6324520
                                                   Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL 60090

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In Re:  Amrita Patel & Cory Davis | ) | Bankruptcy Case No. 19-22865 |
| _____ | ) | |
| DUPAGE CREDIT UNION, | ) | Chapter 7 |
| Plaintiff, | ) | |
| vs. | ) | Adversary No: 19-00981 |
| CORY DAVIS, | ) | |
| Defendant. | ) | Judge Baer |

## AMENDED ANSWER IN ADVERSARY PROCEEDING

Now Comes CORY DAVIS, by and through his attorneys, David M. Siegel and Associates, to respond to DUPAGE CREIT UNION'S Complaint, and states as follows:

1) This honorable court has jurisdiction over this obligation pursuant to 28 U.S.C §1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(J). Venue is proper pursuant to 28 U.S.C. §1408 and § 1409.
   a. **Admitted.**

2) This case was commenced by the debtor's voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on August 14, 2019.
   a. **Admitted.**

3) In his voluntary petition, Schedule I, Debtor CORY DAVIS reports that he is unemployed. (See Exhibit A, Schedule I.)
   a. **Admitted.**

4) In his statement of Financial Affairs, Part 2, Paragraph 4 Debtor CORY DAVIS reports that he has $0.00 gross income from January 1 of the current year until the date filed for bankruptcy, $0.00 gross income for the last calendar year from January 1 to December 31, 2018, and $0.00 gross income for the Calendar year before that from January 1 to December 31, 2017. (See Exhibit D, Statement of Financial Affairs.)
   a. **Admitted in part, Denied in part.**
      i. **Admitted, that at the time of filing the Statement of financial affairs did reflect what is stated above.**

> ii. **Denied in part, Amended Statement of financial affairs was filed on 12/24/19. In which, CORY DAVIS reported to make $11,191.00 gross income in the current year until the date filed for bankruptcy, $53,342.00 gross income for the last calendar year from January 1 to December 31, 2018, and $53,000.00 gross income for the Calendar year before that from January 1 to December 31, 2017. (See Defendant's Exhibit 1)**

5) *In his voluntary petition, Schedule E/F, Debtor CORY DAVIS reports an unsecured claim held by DUPAGE CREDIT UNION in the amount of $3,061.00 (See Exhibit C, Schedule E/F.)*
   a. **Admitted.**

6) *Said unsecured claim is based on a Loan and Security Agreement entered between Debtor/Defendant CORY DAVIS and Creditor/Plaintiff DUPAGE CREDIT UNION in the initial amount of $2,842.65 on February 5, 2019. (See Exhibit D, Loan and Security Agreement.)*
   a. **Admitted**

7) *On February 5, 2019, when applying for the loan for debt consolidation from creditor DUPAGE CREDIT UNION, Debtor CORY DAVIS indicated that he had been employed as an Area Manages for Auntie Anne's since 3/22/2014 and his gross annual salary was $60,999.96. (See Exhibit E, written and endorsed loan Application.)*
   a. **Admitted**

8) *On February 5, 2019, Debtor CORY DAVIS accepted $2,842.65 in funds under the Loan Security Agreement at 8.24% fixed annual percentage rate over 12 months with monthly payments of $247.24. (See Exhibit D.)*
   a. **Admitted**

9) *Debtor CORY DAVIS has not remitted any payments under the terms of the Loan Security Agreement. (See Exhibit F, payment history.)*
   a. **Admitted**

10) *The Application presented by Debtor CORY DAVIS was submitted to Creditor DUPAGE CREDIT UNION under false pretenses, with false representations of employment and annual income, and with actual fraud and intent to defraud Creditor DUPAGE CREDIT UNION, a financial institution.*
    a. **Denied**

      i. **CORY DAVIS, was employed with Auntie Anne's (paid by Chestnut Land Company) in 2018, and had worked there throughout February 2019. A copy of his W-2 for 2018, as well as pay statements for 2/8/2019, 2/22/19, 3/8/19, & 3/22/19 has been supplied to plaintiff counsel on 10/24/19. They show that CORY DAVIS was indeed working and signed a perfectly true statement when entering the contract with DUPAGE CREDIT UNION. The 2018 W-2 and pay statements have been attached to this answer. (See Defendant's Exhibit 2)**

11) *The information provided by CORY DAVIS in the loan application was materially false with respect to Debtor's financial condition.*
    a. **Denied**
        i. **Reasoning for the denial is the same in answer #10.**

12) *Debtor CORY DAVIS is liable for the money obtained under the Loan and Security Agreement, and Creditor DUPAGE CREDIT UNION reasonably relied upon the employment and annual gross income information provided by Debtor CORY DAVIS in obtaining the loan, to the detriment of Creditor DUPAGE CREDIT UNION.*
    a. *Admit in part, deny in part*
        i. **Admit: CORY DAVIS was liable for the debt.**
        ii. **Deny: DUPAGE CREDIT UNION reasonably relied on employment and annual gross income. Also deny that CORY DAVIS is still liable.**

13) *Debtor CORY DAVIS intended to deceive Creditor DUPAGE CREDIT UNION in obtaining the loans which is apparent by his failure to make any payments under the Loan and Security Agreement.*
    a. **Denied.**

14) *Pursuant to Bankruptcy Code §523 (a)(2)(A), a discharge under §§727, 1141, 1228(a), 1228(b), or 1328(3) does not discharge an individual debtor for any debt for money to the extent obtained by the use of a statement in writing that is materially false, respecting the debtor's financial condition, on which the creditor to whom the debtor is liable for such money reasonably relied, and that the debtor caused to be made with intent to deceive.*
    a. **Admitted**

15) *Under §523(a)(2)(A), Debtor CORY DAVIS should be denied discharge of the monies owed on the February 5, 2019 unsecured Loan and Security Agreement to Creditor DUPAGE CREDIT UNION due to his intent to deceive Creditor DUPAGE CREDIT*

*UNION as such money was obtained by materially false information respecting the debtor's financial condition upon which Creditor DUPAGE CREDIT UNION reasonably relied in granting the loan.*
   a. **Denied**

16) *There is currently due and owing on the Loan and Security Agreement the amount of $3,131.78 for principal and accrued interest which remains due plus continuing contractual interest at 8.24%, 0.67 per diem. (See Exhibit F.)*
   a. **Without knowledge, therefore denied.**

17) *DUPAGE CREDIT UNION consents to entry of final orders on judgement by the bankruptcy court.*
   a. **Not required to Admit or Deny**

Wherefore, CORY DAVIS, Defendant, prays that the Court deny DUPAGE CREDIT UNION'S complaint, and any other legal or equitable relief that the court deems just.

    Respectfully Submitted,

    /s/ Alexander Preber
    Alexander Preber, IARDC#6324520
    Attorney for Debtor

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
847/520-8100