2028.8888R/CMR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | No. 19-22865 |
| AMRITA PATEL and | ) | |
| CORY DAVIS, | ) | Chapter 7 |
|     Debtors. | ) | |
| ------------------------------------------------ | ) | Honorable Judge Janet S. Baer |
| DUPAGE CREDIT UNION, | ) | |
|     Creditor/Plaintiff, | ) | Adversary No. 19-00981 |
| | ) | |
| v. | ) | |
| | ) | |
| CORY DAVIS, | ) | |
|     Debtor/Defendant. | ) | |

## NOTICE OF FILING

TO: David M. Siegel, *Attorney at Law*, David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL 60090 – *Via CM/ECF Notification*

Cory Davis, *Debtor/Defendant*, 722 Four Seasons Blvd., Aurora, IL 60504 – *Via Regular Mail*

cc: Amrita Patel, *Debtor*, 722 Four Seasons Blvd., Aurora, IL 60504 – *Via Regular Mail*

YOU ARE HEREBY NOTIFIED that on the 28th day of May 2020, there was filed with the Clerk of Court of the United States Bankruptcy Court of the Northern District of Illinois – Eastern Division, **Objection to Motion to Dismiss and Request for Hearing,** on behalf of Creditor/Plaintiff DuPage Credit Union, a copy of which is attached hereto.

By: /s/ Christine M. Ryan
Christine M. Ryan, Attorney for Creditor/Plaintiff
DuPage Credit Union

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record named above.

And I hereby certify that I have mailed by United States Postal Service, Regular Mail, the document to the following non-CM/ECF participants, Cory Davis and Amrita Patel, 722 Four Seasons Blvd., Aurora, IL 60504.

/s/ Christine M. Ryan
Christine M. Ryan (#6276787)
Attorney for Creditor/Plaintiff DuPage Credit Union
Esp Kreuzer Cores LLP
400 S. County Farm Road, Suite 200
Wheaton, IL 60187
630/871-1002 ● 630/871-0224 fax
cryan@ekclawfirm.com

2028.8888R/CMR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | No. 19-22865 |
| AMRITA PATEL and | ) | Chapter 7 |
| CORY DAVIS, | ) | |
|     Debtors. | ) | |
| ------------------------------------------------ | ) | Honorable Judge Janet S. Baer |
| DUPAGE CREDIT UNION, | ) | |
|     Creditor/Plaintiff, | ) | Adversary No. 19-00981 |
| | ) | |
|   v. | ) | |
| | ) | |
| CORY DAVIS, | ) | |
|     Debtor/Defendant. | ) | |

**OBJECTION TO MOTION TO DISMISS AND REQUEST FOR HEARING**

NOW COMES Creditor/Plaintiff DUPAGE CREDIT UNION, by and through attorneys Esp Kreuzer Cores LLP, and in support of its Objection to Debtor/Defendant's Motion to Dismiss, filed May 8, 2020, states as follows:

1. This Honorable Court has jurisdiction over this objection pursuant to 28 U.S.C. § 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Creditor/Plaintiff did not receive notice of the Debtor/Defendant's Motion to Dismiss by CM/ECF filing or otherwise, rather, the Motion was discovered by a review of the court docket on May 28, 2020, and therefore this Objection has been filed immediately upon discovering the Motion had been filed.

**FACTUAL BASIS**

3. This case was commenced by the Debtor's voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on August 14, 2019, and the Adversary Complaint was filed October 21, 2019.

4. In his voluntary petition, Schedule I, Debtor CORY DAVIS reported that he was unemployed. (See **Exhibit A**, Schedule I, attached to Creditor/Plaintiff's Adversary Complaint, referenced and incorporated as if fully set forth herein.)

5. In his Statement of Financial Affairs, Part 2, Paragraph 4 Debtor CORY DAVIS reported that he had $0.00 gross income from January 1 of the current year until the date he filed for bankruptcy, $0.00 gross income for the last calendar year from January 1 to December 31, 2018, and $0.00 gross income for the calendar year before that from January 1 to December 31, 2017. (See **Exhibit B**, Statement of Financial Affairs, attached to Creditor/Plaintiff's Adversary Complaint, referenced and incorporated as if fully set forth herein.)

6. In his voluntary petition, Schedule E/F, Debtor CORY DAVIS reported the unsecured claim held by DUPAGE CREDIT UNION in the amount of $3,061.00. (See **Exhibit C**, Schedule E/F, attached to Creditor/Plaintiff's Adversary Complaint, referenced and incorporated as if fully set forth herein.)

7. The unsecured claim is based on a Loan and Security Agreement entered between Debtor/Defendant CORY DAVIS and Creditor/Plaintiff DUPAGE CREDIT UNION in the initial amount of $2842.65 on February 5, 2019. (See **Exhibit D**, Loan and Security Agreement, attached to Creditor/Plaintiff's Adversary Complaint, referenced and incorporated as if fully set forth herein.)

8. On February 5, 2019, when applying for the Loan for debt consolidation from Creditor DUPAGE CREDIT UNION, Debtor CORY DAVIS indicated that he had been employed as an Area Manager for Auntie Anne's since 3/22/2014 and his gross annual salary was $60,999.96. (See **Exhibit E**, written and endorsed loan Application, attached to Creditor/Plaintiff's Adversary Complaint, referenced and incorporated as if fully set forth herein.)

9. On February 5, 2019, Debtor CORY DAVIS accepted $2,842.65 in funds under the Loan and Security Agreement at 8.24% fixed annual percentage rate over 12 months with monthly payments of $247.24. (See **Exhibit D,** attached to Creditor/Plaintiff's Adversary Complaint, referenced and incorporated as if fully set forth herein.)

10. To date, Debtor CORY DAVIS has not remitted any payments under the terms of the Loan and Security Agreement. (See **Exhibit F**, payment history, attached to Creditor/Plaintiff's Adversary Complaint, referenced and incorporated as if fully set forth herein.)

## **ARGUMENT**

11. The Application presented by Debtor CORY DAVIS was submitted to Creditor DUPAGE CREDIT UNION under false pretenses, with false representations of employment and annual income, and with actual fraud and intent to defraud Creditor DUPAGE CREDIT UNION, a financial institution.

12. The information provided by Debtor CORY DAVIS in the loan application was materially false with respect to Debtor's financial condition.

13. In the alternative, Debtor CORY DAVIS, by and through the assistance of his attorneys, intended to defraud this Court and all creditors by indicating in his Voluntary Petition and supporting Schedules, that he had no income from January 1, 2017 through the time of filing his Voluntary Petition, which includes the time of the Loan and Security Agreement.

14. A creditor does not have the obligation to investigate or in any way confirm that the information provided by a Debtor in his bankruptcy pleadings is true and accurate, and Debtor has presented no law to support such an imposition.

15. It is reasonable and expected for creditors to rely on the information provided by Debtors in their bankruptcy filings, as the Debtor arguably knows his/her financial condition better than any other person or entity.

16. To place the burden on the creditor to verify the Debtor's pleadings by verifying income post-petition is unreasonable and nothing short of ludicrous.

17. It is not the responsibility of the Creditor/Plaintiff to determine whether Debtor has truthfully and accurately submitted his bankruptcy pleadings which are completely opposite to the information the Creditor relied upon in allowing the Loan and Security Agreement.

18. Debtor/Defendant did not file amended pleadings for more than four months after filing his Voluntary Petition, and more than two months after the Adversary Complaint was filed by Creditor/Plaintiff to indicate that Debtor had been employed and had an income stream from that employment.

19. Debtor cannot have it both ways. Either Debtor was working, or he was not. He either he had employment income, or he did not. It is not the burden of the Creditor to determine if the Debtor was truthful and non-fraudulent in obtaining the loan or in filing his bankruptcy pleadings.

20. Had Debtor/Defendant truthfully submitted the information to support the Loan and Security Agreement and/or his bankruptcy filings, the Creditor/Plaintiff would not have incurred the cost in filing the Adversary Complaint and the accompanying legal fees.

21. There is currently due and owing on the Loan and Security Agreement the amount of $3,131.78 for principal and accrued interest which remains due plus continuing contractual interest at 8.24%, 0.67 per diem. (See **Exhibit F,** attached to Creditor/Plaintiff's Adversary Complaint, referenced and incorporated as if fully set forth herein.)

22.     DUPAGE CREDIT UNION consents to entry of final orders on judgment by the bankruptcy court.

WHEREFORE, Creditor/Plaintiff DUPAGE CREDIT UNION requests that this court deny discharge of the $3,131.78 due and owing on the February 5, 2019 Loan and Security Agreement to Debtor/Defendant CORY DAVIS, plus all accrued interest thereon, or in the alternative, reimbursement to the Creditor the costs incurred in prosecuting the Adversary Complaint and subsequent pleadings.

Dated: May 28, 2020

        Respectfully submitted,

        /s/ Christine M. Ryan
        Attorney for Creditor/Plaintiff
        DUPAGE CREDIT UNION
        **ESP KREUZER CORES LLP**
        400 S. County Farm Road, Suite 200
        Wheaton, IL 60187
        630/871-1002
        630/871-0224 fax
        cryan@ekclawfirm.com